Tom McKINLEY and Helen McKinley, Appellants,

v.

Donald NUTT and Billy Peavler, d/b/a Nutt and Peavler Construction Company, and North Central Stone, Inc., Appellees.

Court of Appeals of Kentucky.

Aug. 9, 1985.

Rehearing Denied Oct. 11, 1985.

Thomas Givhan, John Spainhour, E. Lorraine Russell, Givhan & Spainhour, Shepherdsville, for appellants.

John D. Dale, Jr., Taylorsville, J. Chester Porter, Walter Sholar, Shepherdsville, for appellees.

Before COOPER, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

Tom and Helen McKinley appeal from a Spencer Circuit Court summary judgment in favor of North Central Stone, Inc. and the Nutt and Peavler Construction Company. At issue is the right of North Central Stone to market subsoil removed in the process of mining limestone under a lease from the McKinleys. The trial court found as a matter of law that North Central had a right to dispose of the shale and/or clay subsoil. After careful consideration of the lease and the record, we reverse and remand.

On September 26, 1979, the McKinleys leased certain land to Clara Alice Cox, who subleased the land to Spencer County Stone Company, Inc. The lease was thereafter acquired by North Central Stone. The lease provides that the McKinleys:

do by these presents, grant, demise, lease, and let unto the lessee, for the sole and only purpose of mining and operating for and marketing of such quantities of limestone, sand, and gravel as may be found in and on all that certain tract of land....

In order to remove the limestone, the topsoil and subsoil had to be removed. Robert Brown, President of North Central Stone testified that they scraped off the topsoil and saved it for the reclamation process "and then we take the subsoil dirt, along with the shale rock and I guess you would say put it in a waste pile." He further testified the waste pile had been in existence since the quarry opened. This controversy began when North Central arranged to have Nutt and Peavler Construction Company strip the dirt off the limestone for them, in exchange for which the construction company used the dirt to fulfill a contract with the Spencer County School Board to level out school property. The trial court made the following finding:

Even though the defendant, North Central Stone Company, Inc., did not receive a monetary consideration for the dirt removed to the school property by defendants, Nutt and Peavler, it cannot be said that they did not receive a valuable consideration therefore, and for the purpose of this opinion, the Court finds that the dirt was actually sold, the consideration being the savings by the stone company in not having to pay for the removal of the dirt from the top of the rock.

The McKinleys argue that the implied right to remove the soil to reach the rock does not include the right to market the soil. They further argue that it was not necessary in the lease to expressly reserve the soil because the right to market the soil was never granted or leased in the first place. We agree. The lease clearly states it is for the sole and only purpose of mining and selling limestone, sand and gravel.

All parties have argued the applicability of *Elkhorn City Land Company, Inc. v. Elkhorn City,* Ky., 459 S.W.2d 762 (1970), which involved Elkhorn City selling off loam and sandy shale on property the city owned for so long as it was used for water works purposes. The challenge in that case came from the owners of the reversionary interest. The city had not forfeited its title to the property, because it continued to use it for water works purposes. While building a new reservoir, it sold the soil for fill dirt. The court held that the dirt was not "minerals" retained by the grantor and that the owner of the defeasible fee simple title had the full and unrestricted right to use the premises. The court also concluded that the sale of the dirt was not prejudicial to the reversionary interest. Here, we are concerned with the rights granted by a lease, and we conclude that the holding in *Elkhorn City* is distin-

guishable and generally inapplicable to this case.

North Central Stone contends that it has a right to dispose of or sell the dirt as it sees fit, arguing that the McKinleys granted them everything "in and on that certain tract of land" except those items specifically reserved in the lease. We disagree. It is clear from the testimony of the president of North Central that the topsoil is treated as the property of the McKinleys, held in reserve for reclamation. Although it is not stated why the subsoil is not also needed for reclamation, North Central claims the right to sell even the topsoil under the terms of the lease. This position specifically is contrary to the lease clause limiting the grant to the mining and marketing of limestone, sand and gravel.

North Central had an opportunity to swap its waste product for free labor to remove it from the limestone. Unfortunately, that waste product belongs to the McKinleys, and North Central sold it to Nutt and Peavler Construction Company, which used it for fill dirt in its construction project. In *Langhorne v. Turman,* 141 Ky. 809, 133 S.W. 1008 (1911), the court held "[w]hile appellant railroad company claims that the rock and soil had no value, there is evidence tending to show that it did have commercial value, and it was sufficiently valuable for appellant to make use of it in building and maintaining fills along its right of way."

Dirt is indeed a valuable item, and landowners frequently sell it for fill. Sometimes it creates a pond and other times a surface is leveled and improved. Here, there is nothing expressed or implied in the lease which gives North Central the right to dispose of it.

There are other issues in this action to be resolved, including the McKinleys' motion to amend and the measure of damages. However, these questions have not been ruled on by the trial court, so we will not address them at this time.

We reverse so much of the Spencer Circuit Court's judgment as determined that North Central Stone Company, Inc. had a right to dispose of the soil removed as part of its mining operation. We remand for further proceedings consistent with this opinion.

All concur.